UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

YURMAN STUDIO, INC. and YURMAN DESIGN
INC.,

        Plaintiffs,

  - against -

ELLEN CASTANEDA and EJEWELER LLC d/b/a
OVERSTOCKJEWELER.COM,

        Defendants.

------------------------------------------------------------------X

CARTIER, a division of RICHEMONT NORTH
AMERICA, INC., CARTIER INTERNATIONAL,
N.V., CARTIER CREATION STUDIO, S.A., VAN
CLEEF & ARPELS S.A., VAN CLEEF & ARPELS,
INC., VAN CLEEF & ARPELS DISTRIBUTION
INC., GUCCI AMERICA INC., and BULGARI
S.p.A.,

        Plaintiffs,

  - against -

ELLEN CASTANEDA and EJEWELER LLC d/b/a
OVERSTOCKJEWELER.COM,

        Defendants.

------------------------------------------------------------------X

**MEMORANDUM**
**OPINION**
**AND ORDER**

07 Civ. 1241 (SAS)

07 Civ. 7862 (SAS)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/19/08

1

## SHIRA A. SCHEINDLIN, U.S.D.J.:

## I.  INTRODUCTION AND BACKGROUND

On August 19, 2008, this Court issued an Opinion and Order granting in part plaintiffs' motion for summary judgment on their copyright, patent, and trademark infringement claims, and granting defendants' motion for summary judgment with respect to plaintiffs' false advertising and consumer fraud claims. In addition, this Court granted in part the motion of plaintiffs Yurman Studio, Inc. and Yurman Design Inc. (collectively "Yurman") for summary judgment on the defendants' counterclaim, which sought to invalidate certain of Yurman's copyrights on jewelry designs for lack of originality.[1]

Yurman now seeks reconsideration of the denial of summary judgment with respect to two of its copyrighted jewelry designs – a bracelet in the "Albion" Collection and a chain bracelet and necklace in the "Linked Renaissance 2005" Collection. I previously held that genuine issues of material fact existed as to whether Yurman had copied the two designs from works in the public domain, thereby precluding summary judgment.[2] In addition, Yurman seeks

---

[1] *See Yurman Studio, Inc. v. Castaneda*, Nos. 07 Civ. 1241 & 07 Civ. 7862, 2008 WL 3861219 (S.D.N.Y. Aug. 19, 2008).

[2] *See id.* at *11.

2

reconsideration of this Court's denial of an award of costs and fees concerning the counterclaim. For the reasons that follow, Yurman's motion is granted in part and denied in part.

## II. LEGAL STANDARD

A motion for reconsideration is governed by Local Rule 6.3 and is appropriate where "'the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'"[3] "A motion for reconsideration may also be granted to 'correct a clear error or prevent manifest injustice.'"[4]

Local Rule 6.3 must be "narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the Court."[5] Courts have repeatedly been forced to warn counsel that such motions

---

[3] *In re BDC 56 LLC*, 330 F.3d 111, 123 (2d Cir. 2003) (quotation omitted).

[4] *In re Terrorist Attacks on September 11, 2001*, No. 03 MDL 1570, 2006 WL 708149, at *1 (S.D.N.Y. Mar. 20, 2006) (quoting *Doe v. New York City Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir. 1983)).

[5] *DGM Invs., Inc. v. New York Futures Exch., Inc.*, 288 F. Supp. 2d 519, 523 (S.D.N.Y. 2003) (quotation omitted). *Accord Shrader v. CSX Transp. Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (holding that a court will deny the motion when the movant "seeks solely to relitigate an issue already decided.").

should not be made reflexively, to reargue "'those issues already considered when a party does not like the way the original motion was resolved.'"[6] The purpose of Local Rule 6.3 is to "'ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters.'"[7]

## III. DISCUSSION

In its motion for reconsideration, Yurman points out a controlling fact that this Court overlooked in its August 19 opinion and order. Specifically, Yurman notes that its registered copyrights cover complete collections, rather than individual designs.[8] Therefore proof that one or two items were copied from the public domain cannot invalidate the copyright.[9] In fact, the Copyright Office

---

[6] *Joseph v. Manhattan & Bronx Surface Transit Operating Auth.*, No. 96 Civ. 9015, 2006 WL 721862, at *2 (S.D.N.Y. Mar. 22, 2006) (quoting *In re Houbigant, Inc.*, 914 F. Supp. 997, 1001 (S.D.N.Y. 1996)).

[7] *Naiman v. New York Univ. Hosps. Ctr.*, No. 95 Civ. 6469, 2005 WL 926904, at *1 (S.D.N.Y. Apr. 1, 2005) (quoting *Carolco Pictures, Inc. v. Sirota*, 700 F. Supp. 169, 170 (S.D.N.Y. 1988)).

[8] *See* Plaintiffs' Local Rule 56.1 Statement ¶ 31 (noting that Albion Collection necklace N06261 is covered by collection copyright VA 1-024-278 and Linked Renaissance Collection 2005 necklace D07344D is covered by collection copyright VA 1-384-012).

[9] *Cf. Silverstein v. Penguin Putnam, Inc.*, 368 F.3d 77, 80 (2d Cir. 2004) (noting that a collection may be copyrightable even when the applicant may not seek a copyright on any of the underlying elements, so long as even the

expressly noted when approving registration of certain Yurman collections that "some of the [constituent] works, if considered separately, would not support an independent claim."[10] Nevertheless, the copyrights were granted.[11]

Defendants have offered no evidence that could lead a reasonable jury to find that the complete Albion and Linked Renaissance 2005 collections contain no copyrightable elements. Thus, despite similarities between one or more pieces in Yurman's copyrighted collections and public domain designs, the registered copyrights cannot be invalidated. Therefore summary judgment is granted in plaintiffs' favor on defendants' counterclaim.

Yurman now seeks an award of costs and attorneys' fees related to its defense of defendants' counterclaim. Although costs and fees are available to the prevailing party in a copyright action, such an award is entirely within the court's

---

compiling process entailed "'some minimal degree of creativity'") (quoting *Feist Publ'ns v. Rural Tel. Serv. Co.*, 499 U.S. 340, 346 (1991)). Once the collection is registered, registration extends to "all copyrightable elements that are otherwise recognizable as self-contained works, that are included in a single unit of publication, and in which the copyright claimant is the same." 37 C.F.R. § 202.3. Of course a copyright holder cannot base an infringement claim on use of public domain elements of a copyrighted collection. Rather the copyright is not subject to invalidation merely because of the presence of public domain elements.

[10] 1/26/07 Letter from U.S. Copyright Office to Susan Spagna, Yurman Studios, Inc., Ex. D to 7/3/08 Declaration of Louis S. Ederer, plaintiffs' attorney.

[11] *See id.*

5

discretion.[12] Although Yurman has prevailed on defendants' counterclaim, other copyright issues are still pending. It is more efficient to evaluate an award of costs and fees after determination of all claims, rather than on a piecemeal basis. Therefore this Court declines to award attorneys' fees at this point, deferring that decision until the final disposition of this action. Plaintiffs' motion for reconsideration is therefore denied with respect to fees and costs.

## IV. CONCLUSION

For the foregoing reasons, plaintiffs' motion is granted in part and denied in part. The Clerk of the Court is directed to close this motion (docket no. 52 in case 07 Civ. 1241and docket no. 32 in case 07 Civ. 7862). A conference is scheduled for October 24 at 4:00 p.m.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:     New York, New York
            September 19, 2008

---

[12]    See 17 U.S.C. § 505.

## - Appearances -

**For Plaintiffs:**

Louis S. Ederer, Esq.
John Maltbie, Esq.
Matthew T. Salzmann, Esq.
ARNOLD & PORTER LLP
399 Park Avenue
New York, New York 10022
(212) 715-1000

**For Defendants**:

Scott Zarin, Esq.
ZARIN & ASSOCIATES, P.C.
1775 Broadway, Suite 2300
New York, New York 10019
(212) 580-3131